# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 133

*October Term, A.D. 2024*

December 12, 2024

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

KATHARINE E. LOVETT, WSB
#7-5931,

Respondent.

D-24-0006

## ORDER OF 120-DAY SUSPENSION

[¶1]    **This matter** came before the Court upon a Report and Recommendation for 120-Day Suspension, filed herein November 26, 2024, by the Board of Professional Responsibility for the Wyoming State Bar.  The Report and Recommendation was filed pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, which governs stipulated discipline.  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Katharine E. Lovett should be suspended from the practice of law for 120 days.  It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for 120-Day Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for 120-Day Suspension, Katharine E. Lovett shall be

suspended from the practice of law for 120 days, with the period of suspension to begin January 10, 2025; and it is further;

[¶4]   **ADJUDGED AND ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly Rule 21 of those rules.  That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶5]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Ms. Lovett shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Ms. Lovett shall pay the total amount of $800.00 to the Wyoming State Bar on or before December 23, 2024.  If Ms. Lovett fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶6]   **ORDERED** that the Wyoming State Bar may issue the agreed press release contained in the Report and Recommendation for 120-Day Suspension; and it is further

[¶7]   **ORDERED** that the Clerk of this Court shall docket this Order of 120-Day Suspension, along with the incorporated Report and Recommendation for 120-Day Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶8]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of 120-Day Suspension, along with the incorporated Report and Recommendation for 120-Day Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9]   **ORDERED** that the Clerk of this Court cause a copy of this Order of 120-Day Suspension to be served upon Respondent Katherine E. Lovett.

[¶10]  **DATED** this 12th day of December, 2024.

BY THE COURT:

/s/

**KATE M. FOX**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

NOV 2 6 2024

SHAWNA GOETZ, CLERK
_Carly M Lands_
by DEPUTY

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

*In the matter of*        )
*KATHARINE E. LOVETT*     )
*WSB # 7-5931,*           )        *WSB No. 2023-009*
                         )
*Respondent.*            )        **D - 24 - 0006**

**REPORT AND RECOMMENDATION FOR 120-DAY SUSPENSION**

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via videoconference on the 30th day of October, 2024, for consideration of the parties' *Stipulation for 120-day Suspension* pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Katherine A. Strike (Chair), Debra J. Wendtland and Tandy Dockery. Melinda S. McCorkle, Deputy Bar Counsel, appeared on behalf of the Wyoming State Bar. Scott E. Ortiz appeared on behalf of Respondent Katharine E. Lovett. Also present were Respondent Katharine E. Lovett and Complainant Inga L. Parsons. Complainant Elizabeth Greenwood was notified of the video conference but was unable to attend. The Review Panel, having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends:

## I. **Findings of Fact**

1.      Respondent Katharine E. Lovett is a licensed attorney in the State of Wyoming, Bar # 7-5931. Respondent has been licensed to practice in Wyoming since October 2017. Respondent is in private practice in Jackson, Wyoming.

## A. Underlying Case

2. The present case stems from exceptionally contentious post-divorce matters pertaining to custody and visitation. In 2017,[1] Respondent commenced representation of Mother/Plaintiff ("Plaintiff") during the post-divorce trial proceedings. A trial was held in August 2017. The Honorable Timothy C. Day issued his decision in April 2018. Nonetheless, conflict between the parties continued.

3. In July 2020, Plaintiff filed a petition to modify custody and visitation. Father/Defendant hired Complainants Elizabeth Greenwood and Inga L. Parsons to represent him. Judge Day bifurcated the material change in circumstances and the best interest analyses of the modification proceeding. A trial on the material change in circumstances prong occurred in July 2021 and in August 2021, Judge Day issued his order finding that a material change in circumstances affecting the welfare of the parties' children had occurred since the entry of the divorce decree. The case then proceeded to the best interest prong. A trial was to be held on December 10, 2021.

4. In November 2021, Defendant deposed Plaintiff's care providers. Defendant issued subpoenas duces tecum to the providers, requesting the previous five years of medical records. Upon review of the documents produced at the depositions, Defendant discovered that Plaintiff had not provided several records and had whited out portions of the records.

---

[1] Respondent was employed by Mulligan Law Office at this time. In October 2021, Respondent opened her own firm and continued to represent Plaintiff.

5.    On December 2, 2021, Defendant filed a Motion to Dismiss[2] based, in part, upon the late disclosure of medical records and other discovery issues.

6.    The December 10, 2021, trial date was vacated and reset to August 2022. A hearing was held on Defendant's Motion to Dismiss in March 2022. The Honorable Marvin L. Tyler[3] issued his ruling on April 6, 2022. Judge Tyler declined to dismiss the case, stating:

> This Court considers dismissal as requested by the Defendant as "the nuclear option." At this point in the case this Court has a responsibility to determine the best interests of the minor children since there has been a material change of circumstances found by Judge Day that may warrant some modification to the current custody and visitation order and therefore this Court finds that it is not appropriate for the Court to, and the Court will not, exercise the nuclear option. If this were not a best interests situation, this Court would strongly consider employing the nuclear option or give more consideration to the nuclear option of dismissal given the inappropriate behavior.

7.    Although the District Court did not dismiss the case, the Court: (1) required Plaintiff to provide all records in full that had been requested or that she was required to supplement under Rule 26, W.R.C.P. within 20 days of the March 14, 2022 hearing; (2) did not allow Plaintiff to call her designated experts; and (3) directed Defendant to submit an affidavit stating his attorney's fees after the fees could be calculated and reserved ruling on whether Plaintiff, Respondent, or both should be sanctioned for the discovery violations.

8.    In June 2022, Respondent withdrew from the case. In November 2022, briefing commenced on Defendant's request for attorneys' fees. On January 3, 2023, the Court issued its Order requiring Respondent or Plaintiff to pay $23,500.00 in fees to Defendant. Respondent paid the fees in full.

---

[2] The full title of the Motion is *Defendant's Motion to Dismiss Petition or Alternative to Strike Plaintiff's Experts Dr. Anthony, Dr. Monaghan, and Dr. Collins and for Sanctions Against Plaintiff and Plaintiff's Attorney.*

[3] Judge Day retired prior to the hearing on the Motion to Dismiss.

3

9. On January 24, 2023, Elizabeth Greenwood and Inga Parsons filed a Complaint Before the Board of Professional Responsibility ("BPR Complaint") based upon Respondent's conduct in this case.

**B. Discovery Requests and Responses**

10. Defendant sought medical records from Plaintiff on two occasions. The relevant Requests for Production ("RFP") and responses state:

> Request No. 12: Please provide copies of your complete prescription, doctor, and psychiatric records from the date of the trial forward including your current Doctor, Dr. Sadie Monaghan, and all Curran-Seeley records including dates of treatment or visits and all notes and records since the trial of this matter.
>
> Response: Plaintiff objects to this interrogatory because the only possible purpose of this request is to harass and to cause hardship to the Plaintiff and needlessly increase the cost of litigation...Defendant has all documents from Curran-Seeley. Please see attached relevant documents PL JD 000020, PL JD 000005, PL JD 000009, PL JD 000024, PL JD 001031.

REQUEST NO. 3: Please provide all of your medical records, expert records, all prescription records, all doctor's reports, including but not limited to psychological professionals, from the time the trial in this matter concluded to the present date.

RESPONSE: OBJECTION. Plaintiff objects to the entirety of this request because it is not reasonably calculated to lead to the discovery of admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, embarrassing, and annoying Plaintiff. Plaintiff also objects to this request because the only possible purpose of this request is to harass and to cause hardship to the Plaintiff and needlessly increase the cost of litigation to the Plaintiff or her counsel. Without waiving said objection, Plaintiff has requested said records, and will supplement this response once they have been received.

11.   The trial referenced in the RFPs occurred in August 2017; as such, Plaintiff was obligated to provide her medical records from August 2017 to the date of production and had a continuing obligation to supplement the discovery requests.

12.   In response to the preceding RFPs, Respondent provided twenty-four pages of medical records from Women's Health and Family Care LLC ("WHFC"). In response to the subpoena duces tecum issued to Dr. Anthony, a provider at WHFC, Dr. Anthony produced medical records far in excess of the documents provided by Plaintiff. Dr. Anthony also produced "Telephone Encounter" records, none of which were provided by Plaintiff in response to the RFPs.

13.   Respondent also failed to produce all records generated by another provider, Dr. Collins. Dr. Collins began seeing Plaintiff in April 2020. Respondent produced four pages of Dr. Collins' records. At her November 22, 2021, deposition, Dr. Collins provided several additional documents, including progress notes dated April 10, 2020, April 14, 2020, June 15, 2020, and December 4, 2020, all of which were within the timeframe identified in Defendant's RFPs.

14.   A third provider, Dr. Monaghan, was deposed on March 10, 2021. Dr. Monaghan testified that she made handwritten notes of her sessions with clients, some of which were then transcribed into her therapy management software. The handwritten notes were not provided by Plaintiff in response to Defendant's discovery requests. At her deposition, Dr. Monaghan testified that she would provide the handwritten notes if "counsel" directed her to provide them. Respondent did not follow up on Defendant's request for the handwritten notes until December 2, 2021, the same day that Defendant filed his *Motion to Dismiss*. No handwritten notes were ever provided to Defendant.

15.     Urgent care and emergency room records were also not provided or were heavily redacted and withdrawn, resulting in the omission of medical records responsive to the discovery requests.

16.     Respondent relied upon Plaintiff to obtain the records and produced the records obtained by Plaintiff but did not independently request the entire file or verify that the medical providers gave the complete file to Plaintiff.

17.     Rule 3.4(d) of the Wyoming Rules of Professional Conduct require an attorney to "make reasonably diligent effort[s] to comply with a legally proper discovery request by an opposing party." Respondent was responsible for ensuring that all records responsive to a discovery request were provided to the requesting party. Plaintiff's failure to obtain all records did not relieve Respondent of her duty to obtain the same.

18.     At the depositions of Dr. Anthony and Dr. Collins, Defendant compared unredacted records with the records previously produced by Plaintiff. Defendant discovered a significant amount of information in the previously provided documents was redacted. Many redactions were previously unknown because the redactions were in white. Although some portions of the whited-out redactions within the documents were arguably apparent, there are portions of the records in which there was no indication that a redaction occurred. Entire sections are completely omitted from some documents. For example, after "Allergies", there is a section entitled "Review of Systems", followed by information that Dr. Anthony deemed important to that issue. That entire section is redacted, and because this section is at the bottom of the page, there is no indication that this section exists.

19.     Other redactions were based upon Respondent's assessment that a provider incorrectly recorded information. Rather than redacting the records, the provider and party

6

should be questioned about rather than unilaterally redacting information based upon a belief that the provider recorded the information incorrectly.

20. Respondent conditionally admits that her failure to make efforts to obtain the documents requested pursuant to discovery requests and redaction of those documents violates Rules 3.4(a), (c)[4], and (d) (Fairness to opposing party and counsel) of the Wyoming Rules of Professional Conduct.

21. The rule violations to which Respondent has conditionally admitted are supported by clear and convincing evidence in the record before the Review Panel.

22. The parties agree, and the Review Panel so finds, that Respondent's failure to make efforts to obtain the documents requested pursuant to discovery requests and redaction of those documents posed serious injury to the legal system.

23. The parties agree, and the Review Panel so finds, that Respondent acted with knowledge that she redacted and altered documents with the knowledge she was unilaterally determining relevance of medical records and concealing them from the opposing party in a way that it was not apparent that an alteration or redaction had occurred.

24. Aggravating factors include knowing concealment of medical records, a pattern of misconduct, and multiple offenses.

25. Mitigating factors include inexperience in the practice of law[5], the absence of a prior disciplinary record, the imposition of other penalties or sanctions, and significant mental stress that was adversely affecting her practice.

---

[4] Respondent's conduct in failing to produce complete discovery is inconsistent with the Wyoming Rules of Civil Procedure and applicable case law, which in turn violates Rule 3.4(c).

[5] Respondent had been an attorney for 3-4 years at the time that the preceding misconduct occurred.

7

26.    In consideration of Respondent's misconduct as well as the significant mitigating factors present in the case, the Review Panel finds that a 120-day suspension is the appropriate sanction in this case.

27.    If the Court issues an Order of 120-day Suspension in accordance herewith, Deputy Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court has issued an order of the disciplinary suspension of Katharine E. Lovett, of Jackson, Wyoming, for a period of 120 days. The order stems from Lovett's conduct in failing to comply with discovery requests. Lovett relied upon her client to obtain medical records and produced records far less than the records produced by medical providers at their depositions pursuant to subpoenas duces tecum. Lovett also significantly redacted the records without Court permission. Because most of the redactions were in white, opposing counsel was unaware some records were redacted until comparing them to the unredacted records provided by medical providers at their depositions. The late disclosure of complete medical records led to vacating the trial date and the imposition of an order requiring Lovett or Plaintiff to pay $23,500.00 in fees to Defendant, which was paid by Lovett. The parties' stipulation for a 120-day suspension of Lovett's license to practice law and implementation of several remedial measures was approved by the Board of Professional Responsibility (BPR) of the Wyoming State Bar and was submitted to the Wyoming Supreme Court. In adopting the BPR's recommendation for a 120-day suspension, the Court ordered Lovett to pay an administrative fee of $750.00 and costs in the amount of $50.00 to the Wyoming State Bar.

## II. Conclusions of Law

28.    Rule 3.4, W.R.Prof.Cond. (Fairness to opposing party and counsel) states in pertinent part:

29.    Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

1. Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;

8

2. Whether the lawyer acted intentionally, knowingly, or negligently;
3. The amount of the actual or potential injury caused by the lawyer's misconduct; and
4. The existence of any aggravating or mitigating factors.

30. First Factor: The Duty Violated. Violations of Rules 3.4(a), 3.4(c) and 3.4(d) fall within ABA Standard 6.2, which sets forth the sanction guidelines for lawyers who abuse the legal process. Standard 6.2 provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite litigation or bring a meritorious claim, or failure to obey any obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists:

6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order or a rule with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.

6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

6.23 Reprimand [i.e., "public censure" under Rule 9(a)(3), W.R.Disc.P.] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24 Admonition [i.e., "private reprimand" under Rule 9(a)(4), W.R.Disc.P.] is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.

31. Second Factor: The Lawyer's Mental State. The Preface to the ABA Standards includes the following discussion regarding mental state:

The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable

9

mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

32. Third Factor: Actual or Potential Injury. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

33. Fourth Factor: Aggravating and Mitigating Factors. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*
    9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
    9.22 *Factors which may be considered in aggravation.* Aggravating factors include:
        (a) prior disciplinary offenses;
        (b) dishonest or selfish motive;
        (c) a pattern of misconduct;
        (d) multiple offenses;
        (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
        (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
        (g) refusal to acknowledge wrongful nature of conduct;
        (h) vulnerability of the victim;
        (i) substantial experience in the practice of law;
        (j) indifference in making restitution; and
        (k) illegal conduct, including that involving the use of controlled substances.

9.3    *Mitigation.*

    9.31    *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

    9.32    *Factors which may be considered in mitigation.* Mitigating factors include:

       (a) absence of a prior disciplinary record;

       (b) absence of a dishonest or selfish motive;

       (c) personal or emotional problems;

       (d) timely good faith effort to make restitution or to rectify consequences of misconduct;

       (e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

       (f) inexperience in the practice of law;

       (g) character or reputation;

       (h) physical disability;

       (i) mental disability or chemical dependency including alcoholism or drug abuse when:

          (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

          (2) the chemical dependency or mental disability caused the misconduct;

          (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

          (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

       (j) delay in disciplinary proceedings;

       (k) imposition of other penalties or sanctions;

       (l) remorse; and

       (m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

    The following factors should not be considered as either aggravating nor mitigating:

       (a) forced or compelled restitution;

       (b) agreeing to the client's demand for certain improper behavior or result;

       (c) withdrawal of complaint against the lawyer;

       (d) resignation prior to completion of disciplinary proceedings;

       (e) complainant's recommendation as to sanction; and

       (f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing Findings of Fact and Conclusions of Law, the Review Panel recommends as follows:

1.      That Respondent receive a 120-day suspension for violations of Rule 3.4(a), (c), and (d), W.R.Prof.Cond, to begin thirty (30) days following the entry to this Order.

2.      That, upon issuance of the order of the 120-day suspension, the foregoing press release may be issued.

3.      That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 19th day of November, 2024.

Katherine A. Strike, Chair
Review Panel of the Board of Professional Responsibility
Wyoming State Bar

12